**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FEDERICO GARCIA,

Defendant - Appellant.

No. 12-50299

D.C. No. 2:09-cr-01043-ODW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted November 19, 2013**

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Federico Garcia appeals from the district court's judgment and challenges

the 60-month sentence imposed upon revocation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia contends that the district court erred by failing to consider the

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guidelines, basing the sentence primarily on the need for punishment, and failing to explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court was aware of the Guidelines, properly sentenced Garcia based on the 18 U.S.C. § 3583(e) sentencing factors, and adequately explained the sentence. *See* 18 U.S.C. § 3583(e); *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Garcia next contends that in light of the procedural errors his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Garcia's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the section 3583(e) sentencing factors. *See* U.S.S.G. § 7B1.4 cmt. n.4; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (when defendant violates supervised release by committing same offense for which he was placed on supervised release, breach of trust is more significant and "greater sanctions may be required to deter future criminal activity").

**AFFIRMED.**

12-50299